December 23, 2020

Honorable John T. Laney, III
Judge, United States Bankruptcy Court
Middle District of Georgia, Columbus Division
PO Box 2147
Columbus GA 31902

**RE:   Antonio McCants**
**Chapter 13; Case Number 19-40913**
**Debtor's Objection to Proof of Claim, Attorney's Fees and Rule 3002.1**
**Hearing Held December 9, 2020**

Dear Judge Laney,

This letter brief is filed on behalf of the Debtor following the above noted hearing.

**Relevant Facts**

Antonio McCants, (hereinafter known as "Debtor") proffers a statement of facts relating to his interactions with Georgia Community Bank, formerly known as The Citizens State Bank of Taylor County, (hereinafter known as "Creditor"), relevant to this matter.

The following facts are not in dispute:

- Debtor filed for the protection of Chapter 13 on March 30, 2018
- Creditor was listed as a secured creditor and filed a Proof of Claim on June 8, 2018 showing an amount due of $36,748.80
- The Trustee filed an Affidavit of Default dismissing the case on September 18, 2019, the case was closed on January 14, 2020
- The creditor did not file a Notice of Fees, Expenses and Charges during the 2018 case
- The last fee charged during the 2018 case is dated June 20, 2019 and the case was closed 208 days later, on January 14, 2020
- Debtor filed the current case on October 22, 2019

- The creditor filed a Proof of Claim on December 31, 2019 in the amount of $49,684.30
- The Mortgage Proof of Claim Attachment shows "Fees, costs due" in the amount of $16,093.03. The claim further shows that between June 20, 2018 and June 20, 2019, during the prior bankruptcy case, attorney's fees in the amount of $15,202.85 were incurred, plus an additional fee of $259.00 for a total of $15,461.85
- A separate fee of $250.00 is listed as incurred in the current case for post-petition fees, Creditor has not filed a Notice of Fees, Expenses and Charges in the pending 2019 case

The Debtor filed his Objection to Proof on Claim to contest the fees charged in the prior Chapter 13 case and the pending Chapter 13 case. The Debtor relies on the provisions in Rule 3002.1(c) and 3002.1(i) to eliminate the fees charged in his Chapter 13 cases.

## Argument and Citation

The basis for Debtor's Objection to Claim lies in Fed. R. Bankr. P. 3002.1(c) and (i) as stated below:

**(c) Notice of Fees, Expenses, and Charges**. The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence. The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred.

**(i) Failure to Notify.** If the holder of a claim fails to provide any information as required by subdivision (b), (c), or (g) of this rule, the court may, after notice and hearing, take either or both of the following actions:

(1) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or

(2) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

The Creditor in this case is the Debtor's mortgage holder, making the Creditor subject to Rule 3002.1.  The Court has ruled that Rule 3002.1 applies in Chapter 13 cases for claims that are (1) secured by a security interest in the debtor's principal residence, and (2) for which the plan provides that either the trustee or debtor will make contractual installment payments. The rule was added in 2011 to create a procedure to provide information and resolve disputes between debtors in Chapter 13 cases and creditors who hold a mortgage on their principal residence. See *In re Navarro*, No. 15-10301-SMG (Bankr. S.D. Fla. May 29, 2020). In the Navarro case, the creditor failed to file the appropriate Notice of Fees, Expenses, and Charges within 180 days of incurring the fees pursuant to the rule and attempted to obtain $16,749.36 in fees incurred over 5 (five) years by motion. The court denied Creditor's Post Petition Fees Motion showing that Rule 3002.1 is mandatory and to collect post-petition fees, expenses and other charges, the creditor must follow the requirements of Rule 3002.1. In the matter at hand, the Creditor never filed a Notice of Fees or Motion during the 2018 case in effort to validate or be awarded $15,461.85 in fees. The Debtor could not contest the post-petition fees during the 2018 case as the Debtor had no knowledge of the fees Creditor added during his case.

The Debtor discovered the $15,461.85 fees when the Creditor filed a Proof of Claim in the instant case. In addition to including fees from the prior case, the Creditor included post-petition fees in the amount of $250 for "Current Bankruptcy Case 19-40913". Debtor's only recourse to the post-petition fees in the prior case and the instant case is through the Objection to Proof of Claim as no Notice for Post-Petition Fees as required by Rule 3002.1 has been filed in either case. The mandatory nature of the word "shall" suggest that the notice "must" be filed within the 180 day deadline and Creditor failed to file a Notice in either case. Rule3002.1(i) allows the court to preclude from evidence in a contested matter information that was omitted or not timely filed. As there is no recourse available for failure to satisfy this requirement, it seems reasonable that failure to comply can result in the creditor forfeiting its ability to collect fees and expenses that were not noticed.  See *In re Salazar*, CASE NO: 14-34691 (Bankr. S.D. Tex. Oct. 14, 2016)

The Creditor added substantial fees without notice in the 2018 case and upon Debtor filing his 2019 case, those fees rolled into the 2019 case.  The Court in *Finley v. Carrington* explained that a claim for money damages resulting from a stay violation should be pursued in the case in which the violation occurred. However, the Court further opined that a stay violation in a prior case (wrongful foreclosure) could be raised in a subsequent case because the property at issue is property of the estate in the subsequent filing. Similarly, the fee incurred in

Debtor's 2018 case attached to the property and the property is included in the 2019 bankruptcy estate. The Debtor does not seek monetary damages in the current case, rather, the Debtor seeks to limit the fees for failure to comply with Rule 3002.1(c).  See *Finley v. Carrington Mortg. Servs., LLC (In re Finley)*, No. 08-01674-TBB-13 (Bankr. N.D. Ala. Feb. 9, 2016).

The primary issue in the Ogden case, *Ogden v. PNC Bank, N.A.* (In re Ogden), 532 B.R. 329 (Bankr. D. Colo. 2014) is the Bankruptcy Court's authority to police post-petition mortgage accounting. The Debtor contested the bank's manner in applying post-petition payments as well as charging post-petition fees and expenses that did not comply with Rule 3002.1. Although the bank had not attempted to collect the fees, the debtor alleged that the bank could attempt to collect post-petition contractual fees due. While not specifically ruling on the issue of uncollected fees, the Court stated that based on the Rule, it would be logical to conclude that the fees and charges would not be collectable against the debtor for failure to comply with the 180 day rule. The Court noted that the bank assumes the notice provision would have a lasting effect only if the debtor completes the plan. While the Rule makes no mention of the continuing effect under certain other circumstances, the Court shows that this specific issue is saved for another day. However, the court further states that the bank should think long and hard before later asserting a claim that includes fees and charges of which it did not give notice in compliance with this Rule. The Court did not rule that the bank's actions were in violation of the stay because the bank was not currently attempting to collect the fees. In the present case with Mr. McCants, the Creditor is attempting to collect fees from both cases and in both cases, failed to provide notice as required by the Rule.

In summary, the Debtor objects to Creditor's claim on the basis that the fees included from the prior case and the current case were not properly noticed. The Creditor failed to file the mandatory Notice required by Rule 3002.1(c) within 180 days in either case. Debtor shows that Rule 3002.1(i) allows the Court to preclude any evidence of the fees in the matter and disallow fees that were not properly noticed.

WHEREFORE, Debtor moves this court for an Order sustaining Debtor's Objection and decreasing Creditor's claim to $33,972.45.


Respectfully Submitted,


Valerie Long, Attorney at Law


## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing *Letter Brief* upon the following, unless service was perfected electronically by Electronic Bankruptcy Noticing:

Jonathan W. DeLoach
Chapter 13 Trustee
P.O. Box 1907
Columbus, GA 31902-1907

Georgia Community Bank f/k/a
The Citizens State Bank of Taylor County
c/o David W. Orlowski
Drew Eckl & Farnham, LLP
P.O. Box 607
Albany, GA 31702

by placing a copy of same in envelopes properly addressed, stamped and deposited in the United States Mail to insure delivery.


This 23rd day of December, 2020.


/s/ Valerie G. Long_____
Valerie G. Long
Attorney for Debtor


3006 University Avenue
Columbus, Georgia 31907
(706) 940-0597
Georgia Bar No. 457485