**SIGNED this 11 day of February, 2021.**

_____
**John T. Laney, III**
**United States Bankruptcy Judge**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **ANTONIO BERTRAM MCCANTS,** | ) | **CHAPTER 13 BANKRUPTCY** |
| | ) | |
| Debtor. | ) | **CASE NO. 19-40913-JTL** |
| | ) | |
| | ) | |

## MEMORANDUM OPINION ON
## DEBTOR'S OBJECTION TO CLAIM

The above styled contested matter came before the Court on the Debtor's Objection to

Claim No. 14 of Georgia Community Bank F/K/A the Citizens State Bank of Taylor County.

ECF No. 40. The Debtor argues that the Creditor's failure to file notice pursuant to the Federal

Rule of Bankruptcy Procedure 3002.1, "Rule 3002.1", in the debtor's previous case and current

case disqualifies a portion of the Creditor's claim. _Id._ The Debtor also argues that 11 U.S.C §

1327(a) bars the Creditor from collecting fees outside the principal and interest of the mortgage. Debtor's Opp. Brief, ECF No. 49.

For the reasons stated below, the Court concludes that the Creditor's claim survived after the dismissal of the Debtor's first bankruptcy case regardless of its failure to provide Rule 3002.1(c) notice and Creditor's claim in the Debtor's second bankruptcy case is not disqualified under rule 3002.1 or § 1327(a). Accordingly, the Debtor's Objection to Proof of Claim No. 14 is denied.

## I.  PROCEDURAL POSTURE AND FACTS PLED

Antonio Bertram McCants, "Debtor", initially filed for Chapter 13 protections March 30, 2018. *Antonio Bertram McCants*, 18-40304, ECF No. 1. In that case, Georgia Community Bank, formerly known as The Citizens State Bank of Taylor County, "Creditor", filed a Proof of Claim as the mortgage provider for the Debtor's then primary residence, located at 26 Pine Avenue in Butler, Georgia. *Id.*, Claim No. 15. The Creditor's Proof of Claim, claiming $36,748.80, was filed on June 8, 2018 but the Creditor did not file a Notice of Fees, Expenses, and Charges for any post petition fees in connection with the Debtor's first bankruptcy case. *Id.* Debtor's case was confirmed on August 30, 2018. *Id.,* ECF No. 15.

On September 3, 2019, the Trustee moved to dismiss the Debtor's first bankruptcy case for failure to make payments. *Id.*, ECF No. 32. The Court granted the Trustee's motion and signed "Order of Default granting Motion to Dismiss" on September 17, 2019. *Id.*, ECF No. 33. Debtor's first bankruptcy case was closed January 14, 2020. *Id.* ECF No. 36.

At some point between September 17, 2019 and October 2, 2019, the Debtor's residence at 26 Pine Avenue burned to the ground. Resp. to Debtor's Obj to Claim 14, ECF No. 44. An insurance check was mailed to the Debtor on October 2, 2019 for $127,482.77. *Id.*

Debtor filed again for Chapter 13 protections on October 22, 2019, commencing this

case. ECF No. 1. On December 31, 2019, the Creditor filed a Proof of Claim for $49,684.30.

Claim No. 14. The Creditor's Proof of Claim attachment shows "Fees, costs due" in the amount

of $16,093.03, attorney's fees for "Foreclosure Proceedings" in the amount of $15,202.85, plus

an additional fee labeled "Prior Bankruptcy Case 18-40304" for $259.00. Claim No. 14. The

Creditor again did not file a Notice of Fees, Expenses, and Charges. The Debtor objected to the

Creditor's claim on October 15, 2020. Debtor's Obj. to Claim, ECF No. 40. The Creditor

responded on November 16, 2020. ECF No. 44. The Court heard the party's arguments and took

the matter under advisement on December 8, 2020. Hr'g Held, ECF No. 46.

## II. DISCUSSION

At the crux of the Debtor's objection is Federal Rule of Bankruptcy Procedure 3002.1.

Rule 3002.1 says, in part,

> (a) In General. This rule applies in a chapter 13 case to claims (1) that are secured
> by a security interest in the debtor's principal residence, and (2) for which the plan
> provides that either the trustee or the debtor will make contractual installment
> payments. Unless the court orders otherwise, the notice requirements of this rule
> cease to apply when an order terminating or annulling the automatic stay becomes
> effective with respect to the residence that secures the claim....

> (c) Notice of Fees, Expenses, and Charges. The holder of the claim shall file and
> serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees,
> expenses, or charges (1) that were incurred in connection with the claim after the
> bankruptcy case was filed, and (2) that the holder asserts are recoverable against
> the debtor or against the debtor's principal residence. The notice shall be served
> within 180 days after the date on which the fees, expenses, or charges are
> incurred....

Fed. R. Bankr. P. 3002.1. The Creditor did not file notice pursuant to 3002.1(c) in either of the

two cases. The Debtor believes the Creditor's failure to provide notice in each of the cases

should reduce the Creditor's claim to $33,972.45. Debtor's Supp. Br., ECF No. 47. The Court

finds that the dismissal of the Debtor's first case eliminated the Creditor's obligation to provide

3002.1(c) notice in that case and 3002.1 does not apply in the Debtor's second bankruptcy case.

### a.   The Dismissal of the Debtor's First Bankruptcy Case restored the Creditor's Right to Recover Regardless of Notice Deficiencies in the Original Case.

The Debtor first contends that the Creditor did not file notice pursuant to Rule 3002.1(c)

in the Debtor's previous bankruptcy for its claim of $15,461.85 and it should be precluded from

collecting those fees in this case. Debtor's Supp. Brief, ECF No. 47. The Debtor claims that he

could not dispute those claims in the previous case and had no notice of their existence until the

Creditor's proof of claim in this case. *Id.* The Debtor argues that, because the Creditor did not

provide the debtor notice under 3002.1, the Court should apply 3002.1(i) which allows the Court

avoid the Creditor's claim for fees accumulated in that case. *Id*.

The Creditor does not dispute that it did not file the required notice as required in the

previous case. Creditor's Opp. Brief, ECF No. 48. However, the Creditor argues that, after the

dismissal of the previous case, the parties revert back to their previous positions before the

bankruptcy and the notice requirement is immaterial to its future claims. *Id*.

The dismissal of the Debtor's first bankruptcy case erased the Creditor's obligations

under Rule 3002.1. The Bankruptcy Code addresses the effects on the debtor's property by the

dismissal case in § 349(b). "The aim of § 349(b) is to return the parties, as far as practicable, to

the financial positions they occupied before the case was filed." *First Nat'l Bank of Oneida, N.A.

v. Brandt*, 887 F.3d 1255, 1261 (11th Cir. 2018) (citing *Czyzewski v. Jevic Holding Corp.*, ——

U.S. ——, 137 S.Ct. 973, 979 (2017)). After the Debtor's first case was dismissed, the Creditor's

claim reverted to a mortgage default claim against the Debtor outside of a bankruptcy

proceeding. Therefore, the Creditor's previous failure to provide notice under Rule 3002.1 in the

dismissed bankruptcy case has no effect on its current mortgage claim against the Debtor. *See In re Hollingsworth,* No. AP 08-00244-BGC, 2012 WL 4465593, at *4 (Bankr. N.D. Ala. Sept. 25, 2012) ("Since the dismissal undid the first bankruptcy case, it undid any requirement for filing either a proof of claim or application for post-petition fees pursuant to Bankruptcy Rule 2016, that is if [the Creditor] would have been required to if there had not been the dismissal.")

**b.  The Creditor's Claim in the Debtor's Second Bankruptcy Case is not Disqualified under Rule 3002.1.**

Creditors only need to file notice pursuant to 3002.1(c) if Rule 3002.1 applies to their claim. For Rule 3002.1 to apply, the claim must be "secured by a security interest in the debtor's principal residence" and "for which the plan provides that either the trustee or the debtor will make contractual installment payments." Fed. R. Bankr. P. 3002.1.

Because the Debtor moved between the Petition Date of his first case and the Petition Date of his second case, Rule 3002.1 does not apply to the Creditor in the Debtor's second bankruptcy case. On the Petition Date, the property that secures the Creditor's claim no longer served as the Debtor's primary residence. While the property had previously served as the Debtor's primary residence before the Petition Date and the Debtor plans to live on the property at some point in the future, Rule 3002.1 only applies to the primary residence at the time of the Petition Date. See *In re Jordan*, 330 B.R. 857, 860 (Bankr. M.D. Ga. 2005) (finding the relevant date to determine a debtor's primary residence is the date of filing). In this case, the Debtor lists his primary residence as "26 Annie Lou Sanders Avenue, Butler, Georgia 31006." Chapter 13 Pet., ECF No. 1. In the Creditor's Proof of Claim, the collateral securing the Creditor's loan is "26 Pine Avenue, Butler, Georgia 31006." Claim No. 14. Therefore, Rule 3002.1 does not apply.

The Court also rejects the Debtor's objection to the $259 fee labeled "Prior Bankruptcy Case." Claim No. 14. The Debtor argues that the fee was not noticed in accordance with Rule 3002.1(c) and should be disqualified. As stated above, Rule 3002.1(c) notice requirements only apply to claims secured by a debtor's principal residence. The $259 fee is not secured by the Debtor's listed primary residence and, therefore, Rule 3002.1 does not apply.

### c.   § 1327(a) does not Disqualify the Creditor's Contractual Claims for Fees and Expenses.

The Debtor also argues that after confirmation, § 1327(a) binds the Debtor and Creditor to the specific provisions of the plan and therefore the Creditor cannot recover the Creditor's additional fees. Debtor's Opp. Brief, ECF No. 49. § 1327(a) states, "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.".

The Debtor's plan was confirmed on April 28, 2020. Chapter 13 Plan, ECF No. 10. In Part 6(3), the plan provides for the Debtor to "pay the Creditor directly the balance of the 1st Mortgage to include principal and interest to date of filing to satisfy claim in full." *Id.* The Debtor claims he only owes the Creditor the contractual mortgage debt through the plan, which was $33.972.45. Debtor's Supp. Brief, ECF No. 47. The Creditor, however, filed its proof of claim of mortgage arrears and fees in December 2019 for a "Total Claim" of $49,684.30. Claim No. 14. The Plan does not specifically omit other fees in the balance of the first mortgage, just includes the principal and interest to the date of filing. According to the language of the plan, the Debtor is required pay the balance of the mortgage to satisfy the claim in full.

The balance of the mortgage includes the $15,461.85 of attorneys' fees and expenses incurred during the Debtor's first bankruptcy proceeding because the mortgage contract provides for its recovery. Claim No. 14. "After an order of dismissal, the debtor's debts and property are subject to the general laws, unaffected by bankruptcy concepts." *In re Income Prop. Builders, Inc.*, 699 F.2d 963, 965 (9th Cir. 1982). As stated above, after the dismissal of the Debtor's first bankruptcy case, the Creditor had a reinstated mortgage default claim against the Debtor. The mortgage agreement specifies Georgia law governs its provisions. Claim No. 14. Under Georgia law, "[i]f the terms of the contract are plain and unambiguous, the contract must be enforced as written." *Ryan v. State Farm Mut. Auto. Ins. Co.,* 261 Ga. 869, 872, (1992).

The Debtor has not disputed the validity of the mortgage agreement or his obligation after the first bankruptcy case to pay the remaining principal and interest on the mortgage which total $33.972.45. The mortgage agreement, however, also includes the following provision:

> ATTORNEYS' FEES; EXPENSES. Lender may hire or pay someone else to help collect this Note if I do not pay. I will pay lender that amount. This includes, subject to any limits under applicable law, Lender's cost of collection, including court costs and fifteen percent (15%) of the principal plus accrued interest as attorneys' fees, if any sums owing under this Note are collected by or through an attorney at law, whether or not there is a lawsuit, and legal expenses for bankruptcy proceedings….

Claim No. 14. The contract as written plainly and unambiguously provides for the Creditor's recovery of its attorneys' fees and expenses stemming from the Debtor's failure to pay his mortgage. Therefore, following the dismissal of his first case, the Debtor was contractual obligated to pay the $15,461.85 of attorneys' fees and expenses to the mortgage provider.

Furthermore, the Debtor did not object to the amount of Creditor's claim until October 2020, nearly a year after the Creditor filed its proof of claim and six months after the plan's confirmation. The Debtor's failure to raise his objection until after confirmation cannot not bind the Creditor unfairly to the Debtor's interpretation of the Creditor's claim when the Creditor

properly filed its proof of claim for its total claimed debts before plan confirmation. Therefore, Debtor's § 1327(a) argument fails. There was no evidence or argument regarding any requirement of written notice of the intent to collect attorneys' fees, so the Court does not reach that issue.

### III. CONCLUSION

The Court finds that the dismissal of the Debtor's first case eliminated the Creditor's obligation to provide 3002.1(c) notice in that case and neither 3002.1 nor 1327(a) apply in the Debtor's second bankruptcy case. An order will be entered denying the Debtor's Objection to Proof of Claim No. 14.